IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-295 |
| JOHN FREDERICK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Grizzle, an inmate previously confined at the Eastham Unit of the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*

and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against John

Frederick, Quentin Tucker, Shantranethe Booker, Stephen Martin, AZM Hasan, Mervin Cleveland,

Keithrick Griffin, Yvette Meisser, Raven Littlejohn, Jackie Barrone, Donald Muniz, and Mark

Roberts.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for

findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Booker and Muniz filed a Motion to Dismiss (doc. #15), and Plaintiff has filed

a Response (doc. #19). This Report and Recommendation considers the merits of the Motion to

Dismiss.

Factual Background

Plaintiff alleges Defendants Frederick and Tucker handcuffed Plaintiff to bring him to the

medical department of the Eastham Unit on September 10, 2020. When they arrived at the medical

department, Defendant Frederick allegedly told the medical staff to "watch out." Plaintiff alleges

Defendant Frederick removed one of Plaintiff's handcuffs and stated that Plaintiff was slipping out of the handcuffs. Plaintiff contends Defendant Frederick held Plaintiff against the wall, grabbed his throat, choked him, and struck him several times with a closed fist. Plaintiff claims Defendant Frederick hit Plaintiff in the face twice with handcuffs and then choked Plaintiff until he lost consciousness. Plaintiff alleges Defendants Booker, Griffin, Littlejohn, and Tucker were present during the assault and failed to protect Plaintiff from Defendant Frederick. Plaintiff alleges he was subsequently denied medical treatment for his injuries. Plaintiff claims that he filed grievances about the incident, and Defendant Muniz failed to investigate Plaintiff's complaints.

## Motion to Dismiss

Defendants Muniz and Booker moved to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Muniz and Booker contend that Plaintiff failed to allege any facts demonstrating that they were personally involved in the incidents that form the basis of Plaintiff's complaint. Defendants also assert their entitlement to Eleventh Amendment immunity to the extent that they are sued in their official capacities for damages.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, while acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640.

*Personal Involvement*

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff has not alleged facts demonstrating that Defendant Muniz was personally involved in the events that form the basis of Plaintiff's complaint. Plaintiff claims that Defendant Muniz did not properly investigate Plaintiff's complaints about the use of force and his medical treatment, but failing to process grievances or investigate an inmate's complaints does not rise to the level of a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, the claims against Defendant Muniz do not state a claim upon which relief may be granted.

*Bystander Liability*

Defendant Booker claims that Plaintiff did not allege any facts demonstrating that she was personally involved in any of the claims, except that she was present when Defendant Frederick allegedly assaulted Plaintiff. However, a correctional officer may be liable under § 1983 if she was present when another officer used excessive force and failed to take reasonable measures to protect the prisoner. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). To prevail on a bystander liability claim, the plaintiff must prove that the defendant: (1) knew that another officer was violating the plaintiff's constitutional rights; (2) had a reasonable opportunity to prevent harm to the plaintiff; and (3) chose not to act. *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017).

At this stage in the proceedings, Plaintiff's allegation that Defendant Booker was present while Plaintiff was assaulted by Defendant Frederick and did not intervene to assist Plaintiff is sufficient to state a claim of bystander liability.

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that Defendants Muniz and Booker are sued in their official capacities, they are immune from liability with respect to Plaintiff's claims for damages.

## Recommendation

Defendants' Motion to Dismiss should be granted with respect to Defendant Muniz. The Motion to Dismiss should be denied with respect to Defendant Booker, except to the extent that she is sued in her official capacity for damages.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R.

CIV. P. 72.

      SIGNED this 8th day of February, 2023.

 

_____

Zack Hawthorn
United States Magistrate Judge