IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-295 |
| JOHN FREDERICK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Grizzle, an inmate previously confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against John Frederick, Quentin Tucker, Shantranethe Booker, Stephen Martin, AZM Hasan,[1] Mervin Cleveland, Keithrick Griffin, Yvette Meisser, Raven Littlejohn, Jackie Barrone, Donald Muniz, and Mark Roberts.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Cleveland, Griffin, Hasan, Littlejohn, and Roberts filed a Motion to Dismiss (doc. #16), and Plaintiff has filed a Response (doc. #19). This Report and Recommendation considers the merits of the Motion to Dismiss.

Factual Background

Plaintiff alleges Defendants Frederick and Tucker handcuffed Plaintiff to escort him to the medical department of the Eastham Unit on September 10, 2020. When they arrived at the medical

---

[1] Defendant Hasan's name is also spelled "Hazan" in Defendants' pleadings.

department, Defendant Frederick allegedly told the medical staff to "watch out." Plaintiff alleges Defendant Frederick removed one of Plaintiff's handcuffs and then stated that Plaintiff was slipping out of the handcuffs. Plaintiff contends Defendant Frederick held Plaintiff against the wall, grabbed his throat, choked him, and struck him several times with a closed fist. Plaintiff claims Defendant Frederick hit him in the face twice with handcuffs and then choked Plaintiff until he lost consciousness. Plaintiff alleges Defendants Booker, Griffin, Littlejohn, and Tucker were present during the assault and failed to protect Plaintiff from Defendant Frederick. After the alleged assault, Defendant Frederick told Defendants Booker, Littlejohn, and Tucker, "You saw nothing." Defendant Frederick put the other handcuff back on Plaintiff and escorted him to the medical department for a pre-hearing detention physical.

After he arrived at the medical department, Defendant Martin, a nurse, looked at Plaintiff and said there was nothing wrong with him. Plaintiff took off his mask and showed Defendant Martin his injuries. Plaintiff contends Defendants Frederick and Tucker grabbed Plaintiff, tied his mask on his face like a blindfold to hide the injuries, and escorted Plaintiff back to his cell.

Plaintiff states that Lieutenant Thorp later removed Plaintiff from his cell and brought him back to the medical department. Plaintiff alleges Defendant Martin cleaned Plaintiff's cuts, and then Defendant Hasan looked at the injuries. Defendant Hasan allegedly told Defendant Martin to close up the lacerations with Dermabond. Plaintiff told Defendants Martin, Hasan, and Barrone that he was in pain and experiencing symptoms of a concussion, but Plaintiff claims they failed to conduct an adequate exam or treat his pain. Plaintiff was then returned to his cell after spending ten minutes in the medical department.

An hour after he was returned to his cell, Defendant Cleveland came to speak with Plaintiff. Defendant Cleveland said that security had told him that Plaintiff had cut his own face, but it looked like Plaintiff had been in a fight. Plaintiff alleges he told Defendant Cleveland that he had a concussion, dizziness, nausea, vomiting, and pain in his neck and back. Defendant Cleveland told Plaintiff that he would refer him to medical. Plaintiff also reported his symptoms to Defendant Griffin, but Defendant Griffin allegedly told Plaintiff that he did not care.

Plaintiff alleges that when he received his personal property, some of his books and legal work were missing. Plaintiff was told that Defendant Frederick had gone through Plaintiff's property and threw away the missing items.

The next day, Plaintiff was suffering from blurry vision, nausea, vomiting, head pain, back pain, throat pain, muscle spasms, and mouth pain from a broken tooth. Plaintiff alleges he lost consciousness several times during the day. Plaintiff alleges he continued to suffer from the same symptoms for several days. On September 11, 2020, Defendant Barrone allegedly denied Plaintiff his pain medication.

On September 14, 2020, Plaintiff sent an I-60 request to Defendant Roberts requesting assistance. Plaintiff was taken to the medical department later that afternoon. Plaintiff alleges he saw Defendant Barrone, who threatened to write Plaintiff a disciplinary case for complaining about her to Defendant Roberts. Plaintiff alleges x-rays were taken at the medical department, but he did not receive other treatment or pain medication.

Plaintiff alleges he still had symptoms on September 15, 2020, and he submitted several sick calls. Defendant Meisser came to Plaintiff's cell to see if he was going to the medical department

for dental treatment for his broken tooth. Plaintiff responded that he had no clothes, so Defendant Meisser allegedly denied Plaintiff dental treatment.

Plaintiff alleges Defendant Barrone refused to give Plaintiff his medication on September 16, 2020, when she made her rounds. Defendant Barrone allegedly threatened to have Plaintiff written up if he continued to complain.

On September 18, 2020, Plaintiff alleges he sent additional sick calls and a complaint about his medical care to Defendant Roberts. Plaintiff alleges he did not receive medical attention. On September 29, 2020, Plaintiff was transferred to another prison facility.

## Motion to Dismiss

Defendants Cleveland, Hasan, Griffin, Littlejohn, and Roberts moved to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because they were not personally involved in the use of force or deliberately indifferent to his serious medical needs. Defendants also assert their entitlement to Eleventh Amendment immunity to the extent that they are sued in their official capacities for damages.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, while acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640.

*Denial of Medical Treatment*

Defendants Roberts, Cleveland, Hasan, Griffin, and Littlejohn contend that Plaintiff failed to state an Eighth Amendment claim against them with respect to Plaintiff's medical treatment following the alleged assault. Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendants were aware of an excessive risk to plaintiff's health or safety, and consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d

6

693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff has not alleged any facts showing that Defendant Littlejohn was involved in Plaintiff's medical care after the alleged assault. As a result, Plaintiff has failed to state a claim that Defendant Littlejohn was deliberately indifferent to his serious medical needs. With respect to Defendants Cleveland, Griffin, Hasan, and Roberts, Plaintiff alleges that he reported his need for medical attention to each of these Defendants, but he did not receive adequate medical care. At this stage of the litigation, Plaintiff's allegations must be accepted as true, and the allegations are sufficient to state a plausible claim that Defendants Cleveland, Griffin, Hasan, and Roberts were deliberately indifferent to his serious medical needs.

*Bystander Liability*

Defendants Griffin and Littlejohn claim that Plaintiff has not alleged they were personally involved in Plaintiff's excessive force claim, except that they were present during the alleged assault. Correctional officers may be liable under § 1983 if they were present when another officer used excessive force and failed to take reasonable measures to protect the prisoner. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). To prevail on a bystander liability claim, the plaintiff must prove that the defendant: (1) knew that another officer was violating the plaintiff's constitutional rights; (2) had

7

a reasonable opportunity to prevent harm to the plaintiff; and (3) chose not to act. *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017).

At this stage in the proceedings, Plaintiff's allegations that Defendants Griffin and Littlejohn were present while Plaintiff was assaulted by Defendant Frederick, but did not intervene to assist Plaintiff, is sufficient to state a claim of bystander liability against them.

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that Defendants Cleveland, Hasan, Griffin, Littlejohn, and Roberts are sued in their official capacities, they are immune from liability with respect to Plaintiff's claims for damages.

## Recommendation

Defendants' Motion to Dismiss should be granted with respect to the medical claim against Defendant Littlejohn and any claims for money damages against Defendants in their official capacities. In all other respects, the Motion to Dismiss should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 8th day of February, 2023.

Zack Hawthorn
United States Magistrate Judge